# 23-251

*To Be Argued By:*
JOHN W. LARSON

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

## Docket No. 23-251

_____

CHARLES ANTHONY GIOVINCO,

*Petitioner-Appellant,*

-vs-

TIMETHEA PULLEN, WARDEN,

*Respondent-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CONNECTICUT

## BRIEF FOR THE RESPONDENT-APPELLEE

VANESSA ROBERTS AVERY
*United States Attorney*
*District of Connecticut*
157 Church Street, 25th Floor
New Haven, Connecticut 06510
(203) 821-3700

JOHN W. LARSON
SANDRA S. GLOVER *(of counsel)*
*Assistant United States Attorneys*

## Federal Rule of Appellate Procedure 26.1 Disclosure Statement

In this civil case, there are no organizational victims.

i

## Table of Contents

Federal Rule of Appellate Procedure 26.1
Disclosure Statement.............................................. i

Table of Authorities ............................................ iv

Statement of Jurisdiction .....................................x

Statement of Issues Presented for Review ........ xi

Preliminary Statement.........................................1

Statement of the Case .........................................2

    A. The underlying criminal case .....................3

    B. The administrative history.........................4

    C. The district court proceedings .....................4

Summary of Argument .........................................6

Argument.............................................................7

I. Giovinco is serving a sentence for possession
   of child pornography and is ineligible for FSA
   credits ...........................................................7

   A. Governing law and standard of review .......7

     1. The First Step Act ....................................7

     2. 18 U.S.C. § 3584(c) ..................................9

ii

3. 28 U.S.C. § 2241 and the standard of review ...........................................................9

B. Discussion ................................................. 10

1. The relevant statutes unambiguously provide that Giovinco is ineligible to receive time credits under the FSA...... 10

2. Giovinco's arguments in favor of his construction of the statutory scheme are unavailing........................................ 16

II. Alternatively, if this Court concludes that 18 U.S.C. § 3632(d)(4)(D) is ambiguous in light of 18 U.S.C. § 3584(c), this Court should defer to the BOP's interpretation of the statutory scheme because it is persuasive................... 22

A. Governing law and standard of review ... 22

B. Discussion ................................................. 24

Conclusion ....................................................... 28

Addendum

## Table of Authorities

Pursuant to "Blue Book" rule 10.7, the Government's citation of cases does not include "certiorari denied" dispositions that are more than two years old.

### Cases

*Banks v. King*, No. 5:22-HC-02164-M-RJ,
  2023 WL 8242450 (E.D.N.C. Nov. 28, 2023) . 26

*Bartenwerfer v. Buckley*,
  598 U.S. 69 (2023) .......................................... 11

*Chevron U.S.A, Inc. v. Natural Resources
  Defense Council, Inc.*,
  467 U.S. 837 (1984) ................................... 5, 23

*Cortez v. Hemingway, No.* 2:22-CV-12234,
  2023 WL 4274957
  (E.D. Mich. June 29, 2023) ............................. 26

*Dahda v. Hudson*,
  No. 23-3008-JWL, 2023 WL 2815920
  (D. Kan. Mar. 7, 2023) .................................... 26

*Est. of Landers v. Leavitt*,
  545 F.3d 98 (2d Cir. 2008) ............................. 27

*Foos v. Eischen*,
  No. 22-cv-398 (JWB/DJF), 2023 WL 2795860
  (D. Minn. Mar. 14, 2023), *report and
  recommendation adopted*, 2023 WL 2795480
  (D. Minn. Apr. 5, 2023) .................................. 26

iv

*Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*,
442 U.S. 1 (1979) ........................................... 22

*Keeling v. Lemaster*,
No. 22-6126, 2023 WL 9061914
(6th Cir. Nov. 22, 2023) ............... 13, 15, 19, 25

*Kruse v. Wells Fargo Home Mortg., Inc.*,
383 F.3d 49 (2d Cir. 2004) ............................. 23

*Ledford v. Lemaster*,
No. 23-30-DLB, 2023 WL 2905376 (E.D. Ky. Mar. 28, 2023) ............................................... 26

*Levine v. Apker*,
455 F.3d 71 (2d Cir. 2006) ............................. 10

*Linza v. Saul*,
990 F.3d 243 (2d Cir. 2021) ........................... 10

*Lopez v. Terrell*,
654 F.3d 176 (2d Cir. 2011) ..................... 22, 23

*Lowe v. S.E.C.*,
472 U.S. 181 (1985) ....................................... 27

*Lugo v. Hudson*,
785 F.3d 852 (2d Cir. 2015) (per curiam) ...... 10

*Magwood v. Patterson*,
561 U.S. 320 (2010) ....................................... 18

v

*Mancillas v. Fed. Bureau of Prisons*,
   No. SAG-22-2767, 2023 WL 5404229
   (D. Md. Aug. 22, 2023).................................... 26

*Martinez v. Rosalez*,
   No. 23-50406, 2024 WL 140438
   (5th Cir. Jan. 12, 2024) ...................... 12, 15, 25

*McNeill v. Ramos*,
   No. 23-6488, 2023 WL 6442551
   (4th Cir. Oct. 3, 2023).............................. 16, 26

*Mobil Cerro Negro, Limited v. Bolivarian
   Republic of Venezuela*,
   863 F.3d 96 (2d Cir. 2017)............................. 11

*Nielsen v. AECOM Tech. Corp.*,
   762 F.3d 214 (2d Cir. 2014)...................... 23, 24

*Patillar v. Goldey*,
   No. CIV-22-866-SLP, 2023 WL 4307651
   (W.D. Okla. May 26, 2023), *report and
   recommendation adopted*, 2023 WL 4306702
   (W.D. Okla. June 30, 2023) ........................... 26

*Peyton v. Rowe*,
   391 U.S. 54 (1968) ........................................ 15

*Poindexter v. Nash*,
   333 F.3d 372 (2d Cir. 2003)............................. 9

*Rose v. Yates*,
   No. 2:22-cv-214-BSM/PSH, 2023 WL 3198298
   (E.D. Ark. May 2, 2023), *report and*

*recommendation adopted*, 2023 WL 3601186
(E.D. Ark. May 23, 2023)................................ 26

*Sai Kwan Wong v. Doar*,
571 F.3d 247 (2d Cir. 2009)........................... 27

*Skidmore v. Swift & Co.*,
323 U.S. 134 (1944) ............................. 6, 23, 24

*Sok v. Eischen*,
No. 23-1025, 2023 WL 5282709
(8th Cir. Aug. 17, 2023) ................ 13, 15, 19, 25

*Teed v. Warden Allenwood FCI Low*,
No. 23-1181, 2023 WL 4556726
(3d Cir. July 17, 2023) ........................ 13, 16, 26

*Turkiye Halk Bankasi A.S. v. United States*,
598 U.S. 264 (2023) ........................................ 11

*United States ex rel. Weiner v. Siemens AG*,
87 F.4th 157 (2d Cir. 2023)
(per curiam).............................................. 10, 23

*United States v. Giovinco*,
670 F. App'x 688 (11th Cir. 2016).................... 3

*United States v. Martin*,
974 F.3d 124 (2d Cir. 2020)................. 11, 12, 21

*United States v. Wilson*,
503 U.S. 329 (1992) ........................................ 12

*Wallace v. Knight,*
  No. 22-6705 (KMW), 2023 WL 4954727
  (D.N.J. Aug. 3, 2023) ..................................... 26

*Whaley v. Pliler,*
  No. 22Civ4680 (JHR) (GWG),
  2023 WL 7243714 (S.D.N.Y. Nov. 3, 2023) ... 26

*Williams v. FCI Berlin,*
  No. 22-cv-564-JL, 2023 WL 5961688
  (D.N.H. Aug. 1, 2023), *report and
  recommendation adopted*, 2023 WL 5959740
  (D.N.H. Sept. 13, 2023) ................................. 26

## Statutes

18 U.S.C. § 2252 ............................................. 3, 8

18 U.S.C. § 2422 ................................................. 3

18 U.S.C. § 3582................................................ 21

 18 U.S.C. § 3584 .......................................*passim*

18 U.S.C. § 3585................................................ 12

18 U.S.C. § 3621................................................. 7

18 U.S.C. § 3624................................................. 8

18 U.S.C. § 3631................................................. 7

18 U.S.C. § 3632.........................................*passim*

28 U.S.C. § 1291................................................. x

28 U.S.C. § 2241..........................................*passim*

## Rules

Fed. R. App. P. 4 ................................................. x

Federal Rule of Civil Procedure 60 ..................... 3

## Regulations

28 C.F.R. § 523.41 ........................................... 8, 9

## Other Authorities

164 Cong. Rec. S7642.......................................... 8

ix

## Statement of Jurisdiction

The United States District Court for the District of Connecticut (Bolden, J.) had jurisdiction over this civil case pursuant to 28 U.S.C. § 2241. Final judgment entered on February 10, 2023. *See* Joint Appendix ("JA__") 2 (Doc. #9). On February 27, 2023, petitioner-appellant Charles Giovinco filed a timely notice of appeal pursuant to Fed. R. App. P. 4(a). *See* JA2 (Doc. #10); JA39–40. This Court has appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).

## Statement of Issues
## Presented for Review

I. Whether 18 U.S.C. § 3632(d)(4)(D), in conjunction with 18 U.S.C. § 3584(c), renders an inmate who has been sentenced to two concurrent terms of imprisonment—the shorter of which is for a disqualifying offense but the longer of which is not—ineligible to receive time credits under the First Step Act of 2018?

II. Whether the Bureau of Prisons's interpretation that an inmate is ineligible to receive time credits is entitled to *Skidmore* deference where it is longstanding and consistent?

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

## Docket No. 23-251

_____

CHARLES ANTHONY GIOVINCO,
*Petitioner-Appellant,*

-vs-

TIMETHEA PULLEN, WARDEN,
*Respondent-Appellee.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF CONNECTICUT

## BRIEF FOR THE RESPONDENT-APPELLEE

## Preliminary Statement

Petitioner-Appellant Charles Giovinco filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the execution of his federal sentence by the Bureau of Prisons (the "BOP"). Specifically, Giovinco claimed that the BOP improperly concluded that he was ineligible to receive time credits under the First Step Act of 2018 (the "FSA") where he was serving concurrent sentences for two convictions, the shorter of which

was imposed for an offense that disqualifies inmates for time credits under 18 U.S.C. § 3632(d)(4)(D) and the longer of which was imposed for an offense that does not disqualify inmates under that provision. The BOP aggregated Giovinco's concurrent sentences to a single term of imprisonment as required by 18 U.S.C. § 3584(c) and concluded that Giovinco was not eligible to earn FSA time credits because he was (and is) serving a term of imprisonment for a disqualifying offense. The district court denied Giovinco's petition, concluding that the BOP's interpretation of § 3632(d)(4)(D) was reasonable in light of 18 U.S.C. § 3584(c).

On appeal, Giovinco challenges the district court's denial, arguing that § 3632(d)(4)(D) unambiguously provides that he is eligible to earn FSA time credits or alternatively, if the statute is ambiguous, the BOP's interpretation of the statutory scheme is impermissible or unpersuasive. As set out below, however, the BOP properly interpreted the relevant statutes and this Court should affirm the judgment of the district court.

## Statement of the Case

On November 29, 2022, Giovinco filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that the BOP's conclusion that he is ineligible to receive time credits under the FSA was in violation of federal law. JA4–13. The district court (Bolden, J.) denied Giovinco's petition

2

on February 10, 2023. JA32–38. Giovinco filed a timely notice of appeal. JA39–40. Giovinco currently is incarcerated at FCI Danbury with a projected release date of April 6, 2025. JA20.

## A. The underlying criminal case

On November 12, 2008, in the United States District Court for the Southern District of Florida, Giovinco pleaded guilty to a two-count indictment charging him with using the internet to entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) (count one) and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (count two). *See United States v. Giovinco*, No. 2:08-cr-14052-KMM (S.D. Fla.) (Doc. ##2, 25). On February 17, 2009, Giovinco was sentenced to serve 235 months on count one and 120 months on count two, to be served concurrently. *See* JA15.

Giovinco did not appeal his criminal judgment, but in 2014, he filed a motion seeking relief from the judgment under Federal Rule of Civil Procedure 60(b). *See United States v. Giovinco*, No. 2:08-cr-14052-KMM (S.D. Fla.) (Doc. #37). The district court denied that motion, *id.* (Doc. #58), and the United States Court of Appeals for the Eleventh Circuit affirmed, *see United States v. Giovinco*, 670 F. App'x 688 (11th Cir. 2016).

3

### B. The administrative history

In January 2022, following the passage of the FSA in 2018, which in certain circumstances awards time credits to eligible inmates, Giovinco engaged the BOP's administrative remedy process seeking to challenge the BOP's determination that he was ineligible to receive FSA time credits. *See* JA23. Giovinco's initial request and subsequent appeals were denied. JA23, JA24, JA26, JA28. At the final level of the administrative remedy process, the BOP's Office of General Counsel observed that the FSA's statutory bar to eligibility for time credits "applies to your current commitment in its entirety, not the individual terms of imprisonment." JA28.

### C. The district court proceedings

On November 29, 2022, while he was serving his federal sentence at FCI Danbury, Giovinco filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut. JA4. In the petition, Giovinco argued that the BOP improperly concluded that he was ineligible to receive FSA time credits for two reasons: first, while his conviction for possession of child pornography left him ineligible to earn time credits, his conviction for enticement did not; and second, at the time of his filing the petition, he had served more time than was imposed for his conviction for possession of child pornography. JA5–8.

4

On February 10, 2023, the district court denied Giovinco's § 2241 petition. JA32. In so doing, the district court recognized that it was required to construe the FSA time credit eligibility provision—18 U.S.C. § 3632(d)(4)(D)—in the context of a longstanding, pre-FSA statute—18 U.S.C. § 3584(c)—that requires the BOP to aggregate "for administrative purposes" "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently." *See* JA35 (quoting 18 U.S.C. § 3584(c)).

Rejecting Giovinco's argument, the district court first concluded that the BOP's calculation of Giovinco's sentence, including any time credits that were applicable to him, was an administrative function, thereby triggering § 3584(c)'s aggregation mandate. JA35–36. The district court next observed that because "the FSA is silent on" the question posed by Giovinco's petition and "the plain language of the statute does not support Mr. Giovinco's desired result," it was required to defer to the BOP's reasonable construction of § 3632(d)(4)(D). JA36–37 (citing *Chevron U.S.A, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842–44 (1984)).

Ultimately, in light of the context provided by § 3584(c), and considering that the other courts presented with the same issue found in favor of the BOP, *see* JA37–38 (collecting cases), the district court concluded "that the BOP's interpretation of section 3632(d)(4)(D) is reasonable in light

5

of its long-standing obligation to aggregate sentences for administrative purposes[,]" JA38.

## Summary of Argument

I. Giovinco was sentenced to a 120-month term of imprisonment for possession of child pornography, to run concurrently with a 235-month term of imprisonment for enticement of a minor to engage in sexual activity. The former is a disqualifying offense under the First Step Act of 2018; the latter is not. In accordance with its longstanding obligation under 18 U.S.C. § 3584(c), the BOP aggregated for administrative purposes—including sentencing calculation and awarding of sentencing credits—both of Giovinco's terms of imprisonment to a single, aggregate term of imprisonment. As a result, Giovinco is serving a term of imprisonment for a disqualifying offense and is ineligible to receive time credits under the FSA under the plain meaning of the relevant statutory provisions.

II. In the alternative, the BOP's interpretation of the FSA time credit statute as it interacts with 18 U.S.C. § 3584(c) is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). The BOP's interpretation is persuasive because it was adopted contemporaneously with the enactment of the FSA and the BOP has applied it consistently across the nation.

6

## Argument

### I. Giovinco is serving a sentence for possession of child pornography and is ineligible for FSA credits.

#### A. Governing law and standard of review

##### 1. The First Step Act

In December 2018, Congress passed the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at various sections of Titles 18, 21, and 34 of the United States Code). The FSA aimed to reduce the size of the federal prison population while maintaining public safety. To achieve these goals, the FSA directed the Attorney General to develop a "risk and needs assessment system." *See* 18 U.S.C. §§ 3631, 3632(a). That assessment system would be used to evaluate each prisoner's risk of serious misconduct, assign appropriate evidence-based recidivism reduction ("EBRR") programming and productive activities ("PAs") to each prisoner, and determine when a prisoner is ready for transfer to prerelease custody or supervised release. *See id.* § 3632(a). The BOP was then required to implement and complete initial intake risk and needs assessments for each prisoner and assign prisoners to appropriate EBRR programming based on its determination. *See* 18 U.S.C. § 3621(h)(1)(A).

The FSA incentivized prisoner participation in EBRR programming and PAs by awarding time

7

credits that may be applied to accelerate transfer to prerelease custody or commencement of supervised release. 18 U.S.C. § 3624(g). But Congress did not allow all prisoners to receive these time credits, a decision that reflects congressional concerns that the FSA could compromise public safety by enabling the release of those convicted of serious offenses before completion of their sentence. *See, e.g.*, 164 Cong. Rec. S7642 (daily ed. Dec. 17, 2018) (statement of Sen. John Cornyn) ("There are some who, for example, say that this legislation will put . . . sex offenders back on the streets, which is completely false.").

Instead, the FSA lists nearly seventy offenses that render a prisoner ineligible to receive time credits. These disqualifying offenses include violent offenses and those involving terrorism, espionage, or sex and sexual exploitation. An inmate's eligibility to receive time credits under the FSA is set forth in 18 U.S.C. § 3632(d)(4)(D). That provision, captioned "Ineligible prisoners," provides, in pertinent part: "A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law: (xlii) Section 2252A, relating to certain activities involving material constituting or containing child pornography"; *see also* 28 C.F.R. § 523.41(d)(2) ("If the inmate is serving a term of imprisonment for an of-

8

Case 23-251, Document 84, 03/14/2024, 3615182, Page21 of 42

fense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not *eligible to earn* FSA Time Credits." (emphasis in original)).[1]

### 2. 18 U.S.C. § 3584(c)

18 U.S.C. § 3584(c), captioned "Treatment of multiple sentence as an aggregate," mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

### 3. 28 U.S.C. § 2241 and the standard of review

"Section 2241 provides generally that the federal courts have the power to grant writs of habeas corpus, [o]n behalf of . . . prisoners who are 'in custody in violation of the Constitution or laws or treaties of the United States[.]'" *Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)) (internal citation omitted). "A challenge to the *execution* of a sentence—in

---

[1] Although the regulation uses the phrase "serving a term of imprisonment," while the statute uses the phrase "serving a sentence," Giovinco concedes that the BOP's regulatory definition "tracks the relevant Congressional language" in the FSA. *See* Giovinco Br. at 32. Thus for purposes of this appeal, the parties agree that "serving a sentence," § 3632(d)(4)(D), and serving a "term of imprisonment" 28 C.F.R. § 523.41(d)(2), are materially the same.

9

contrast to the *imposition* of a sentence—is properly filed pursuant to § 2241. . . . Execution of a sentence includes matters such as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (internal quotations omitted; emphasis omitted in part).

This Court reviews the denial of a habeas petition *de novo*. *See, e.g.*, *Lugo v. Hudson*, 785 F.3d 852, 854 (2d Cir. 2015) (per curiam). Similarly, this Court reviews *de novo* questions of statutory construction. *See, e.g.*, *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 161 (2d Cir. 2023) (per curiam).

## B. Discussion

### 1. The relevant statutes unambiguously provide that Giovinco is ineligible to receive time credits under the FSA.

This Court need not decide whether or to what degree the BOP's interpretation of the statute is entitled to deference because the plain meaning of the statutory scheme establishes that Giovinco is not eligible to earn time credits under the FSA. *See Linza v. Saul*, 990 F.3d 243, 248 (2d Cir. 2021) ("[A]s we reach this conclusion based on the plain meaning of the statute, we need not even reach

10

considerations of the deference owed to the agency's interpretation.").

Giovinco's eligibility for FSA time credits is a question of statutory interpretation, an inquiry that begins with the language of the relevant statutes. *See Bartenwerfer v. Buckley*, 598 U.S. 69, 74 (2023) ("[W]e start where we always do: with the text of the statute") (alteration in original; internal quotation marks omitted). When interpreting a statute, "the Court must read the words Congress enacted in their context and with a view to their place in the overall statutory scheme." *Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 275 (2023) (internal quotation marks omitted). Additionally, "Congress is presumed to legislate with familiarity of the legal backdrop for its legislation." *Mobil Cerro Negro, Limited v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 114 (2d Cir. 2017); *see also United States v. Martin*, 974 F.3d 124, 134 (2d Cir. 2020).

The FSA's eligibility provision specifies that "[a] prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law," including possession of child pornography. 18 U.S.C. § 3632(d)(4)(D)(xlii). That provision does not stand alone, however, but rather must be interpreted in the context of the BOP's preexisting statutory obligations for computing sentences. One such statute is 18 U.S.C. § 3584(c), which mandates that "[m]ultiple terms

11

of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

As recognized by courts in a variety of contexts, the BOP's authority to "administer" a sentence is broad. Indeed, the Supreme Court has acknowledged the breadth of the BOP's responsibility in administering the sentence imposed by the district court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (in a case about computation of sentencing credits, explaining that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for *administering* the sentence[]" (emphasis added)). More specifically, this Court has held that the "administrative purposes [under § 3584(c)] are explained in, among other provisions, 18 U.S.C. § 3585, which authorizes the BOP to provide inmates with credit towards their sentence for various reasons . . . ." *Martin*, 974 F.3d at 136.

Other circuit courts have similarly concluded that the BOP's administrative responsibilities under § 3584(c) include the calculation of sentences, as well as credits under the FSA. *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at \*3 (5th Cir. Jan. 12, 2024) ("Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in

12

the administrative context of consolidating a prisoner's consecutive sentences."); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023) ("[C]ourts have consistently and correctly held that the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, are administrative functions of the BOP subject to § 3584(c)." (internal quotations omitted)); *Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) ("[T]he BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits."); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) ("Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress."), *cert. denied*, No. 23-6197, 2024 WL 675263 (Feb. 20, 2024). In other words, the "administrative purposes" for aggregation in § 3584(c) broadly span the BOP's execution of sentences to include, at a minimum, sentence calculation, as well as the applicability of any credits against those sentences.

This understanding, *i.e.*, providing for the aggregation of multiple terms of imprisonment for administrative purposes such as the calculation of sentencing credits, makes practical sense as well. In the absence of aggregation, the BOP

13

would have to look at each discrete offense committed by an inmate, establish start and end dates for each separate sentence, and determine eligibility for FSA time credits for each separate sentence. This would be further complicated by the need to determine an inmate's FSA earning status by identifying the inmate's participation in PAs or EBRR over times that might span both an "ineligible" and "eligible" sentence. Further, with multiple sentences running at different times, an inmate's ability to apply FSA time credits to an eligible sentence could be hindered by the inmate still needing to serve a term of imprisonment on an ineligible sentence. In short, the administrative aggregation for purposes of sentencing calculation and sentencing credits promotes the consistent and straightforward application of the law.

Given this understanding of the BOP's broad administrative authority over sentencing calculations, a plain reading of the FSA demonstrates that Giovinco is ineligible to receive time credits under that statute. In the criminal proceedings against him, Giovinco was sentenced to two concurrent terms of imprisonment. As such, Giovinco was subject to "[m]ultiple terms of imprisonment ordered to run . . . concurrently." *See* 18 U.S.C. § 3584(c). Upon his remand to BOP custody, in accordance with § 3584(c), the BOP was required to, and did, aggregate those terms of imprisonment

14

to a single term of imprisonment "for administrative purposes." And because Giovinco was, and is, serving a "single aggregate term of imprisonment" comprised of the two sentences imposed in connection with his criminal judgment, § 3632(d)(4)(D) unambiguously provides that Giovinco "is serving a sentence for a conviction" for both of those offenses, rendering him ineligible to receive FSA time credits. *See also Peyton v. Rowe*, 391 U.S. 54, 67 (1968) (holding that a prisoner incarcerated on multiple sentences is in custody on all sentences, even if the time for completing one of the sentences has arguably passed, for purposes of habeas relief).

Consistent with this interpretation of the statute and application here, every circuit court to consider the issue has interpreted the FSA to disqualify inmates like Giovinco who are serving an aggregated sentence comprised of offenses both disqualifying and not under § 3632(d)(4)(D). *See Martinez,* 2024 WL 140438, at *3–4 (holding that Martinez's foreign conviction was a disqualifying conviction, and upholding the BOP's decision to aggregate his sentence for his foreign, disqualifying conviction with other convictions and find him ineligible for FSA time credits); *Keeling*, 2023 WL 9061914, at *1 (where one of Keeling's three convictions was for a disqualifying offense, "[t]he district court . . . did not err in concluding that Keeling's aggregated sentence precluded him from receiving earned time credit under the FSA"); *Sok*,

15

2023 WL 5282709, at *1 (where one of the petitioner's three convictions was for a disqualifying offense, "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed*, 2023 WL 4556726, at *2 (where one of Teed's three convictions was for a disqualifying offense, "we view BOP's aggregation of Teed's sentence and FSA ineligibility designation to be proper"); *McNeill v. Ramos*, No. 23-6488, 2023 WL 6442551 (4th Cir. Oct. 3, 2023) (affirming dismissal of § 2241 petition challenging denial of FSA time credits where district court found the petitioner was serving an aggregate term of imprisonment that included an offense that made him ineligible for time credits).

In sum, against the backdrop of a legal regime that directs the BOP to aggregate multiple sentences, a prisoner, like Giovinco, who was sentenced for an offense that disqualifies him from eligibility for FSA time credits, is serving that sentence even though he was also sentenced for an offense that would not disqualify him for FSA time credits.

### 2. Giovinco's arguments in favor of his construction of the statutory scheme are unavailing.

On appeal, Giovinco also maintains that 18 U.S.C. § 3632(d)(4)(D) is unambiguous, although he contends that the plain language of the statute

16

indicates that he is eligible to receive time credits under the FSA. Giovinco Br. at 2–3. Giovinco is wrong, and his arguments in favor of his statutory interpretation are unavailing.

*First*, Giovinco contends that because § 3632(d)(4)(D)(xlii) does not disqualify an inmate for a "prior conviction" for possession of child pornography, and because he has already "served the entirety of the 10-year statutory maximum sentence imposed for his conviction of his ineligible offense," the FSA's statutory disqualification does not apply to him. Giovinco Br. at 15–16. Relatedly, Giovinco makes a grammatical argument that because the statute uses "is serving" in the present tense, rather than "was serving" or "has served," disqualification does not apply to him for the same reason. Giovinco Br. at 16.

But Giovinco's argument ignores the larger statutory context, which here, crucially, includes § 3584(c). As explained above, the FSA's time credit eligibility provision was enacted against the backdrop of a statutory regime that mandates that the BOP aggregate multiple terms of imprisonment into a "single . . . term of imprisonment." 18 U.S.C. § 3584(c). When the FSA's eligibility criteria are read in context with this section, then, Giovinco is—not was—serving a term of imprisonment for a disqualifying offense.

Although Giovinco diminishes the weight of the context of § 3584(c), his *second* argument focuses on a different kind of context, namely his

17

contention that the broad policies behind the FSA indicate that Congress did not intend to entrust to the BOP the authority to interpret the eligibility statute. Giovinco Br. at 17–19. Giovinco, however, acknowledges that it is the BOP's responsibility to administer the FSA, Giovinco Br. at 17, and administering the FSA necessarily requires the BOP to determine inmate eligibility in accordance with § 3632(d)(4)(D) and § 3584(c). That is exactly what the BOP has done here. In any event, there is no need to determine whether Congress trusted (or distrusted) the BOP; the question posed here is not about the BOP's reading of the statute. It was Congress legislating against the backdrop of § 3584(c), and not the BOP, that rendered Giovinco ineligible for FSA time credits. And where, as here, the statute provides for a specific outcome, broad policy preferences cannot override that outcome. *See Magwood v. Patterson*, 561 U.S. 320, 334 (2010) (rejecting respondent's argument that Court "should rule based on the statutory purpose" when petitioner "has the stronger textual argument").

*Third*, Giovinco contends that two FSA provisions "speak to the subject of concurrent and consecutive sentences," apparently suggesting that Congress could have differently drafted the statute that dictates the ineligibility of inmates like Giovinco. Giovinco Br. at 19 (citing FSA § 105, 132 Stat. 5194, 5214, and 18 U.S.C. § 3632(d)(4)(D)(xxii)). Neither section, however,

18

compels a reading that requires ignoring the mandate of § 3584(c) in this case. In any event, as to the latter provision, the circuit courts addressing the issue all have concluded that a consecutive sentence under 924(c) is properly aggregated with any other sentences, thereby making the inmate ineligible for the entire term of the aggregated sentence. *See Keeling*, 2023 WL 9061914, at *1 ("Because Keeling is serving a sentence for a § 924(c) conviction [aggregated with two other sentences], the district court correctly held that he is ineligible for earned time credits under the First Step Act."); *Sok*, 2023 WL 5282709, at *1 (concluding that the BOP properly "aggregated his sentences and determined he was ineligible to earn FSA credits based on his section 924(c) conviction").

*Fourth*, Giovinco argues that § 3632(d)(4)(D) and § 3584(c) "must each be given full effect." Giovinco Br. at 20. *See also* Giovinco Br. at 22 (arguing that district court erred when it Giovinco contends that the "district court pitted the two statutes against each other and declared the aggregation statute the winner"). This broad statement is undoubtedly true, but it does nothing to support Giovinco's interpretation. It is *Giovinco*'s interpretation, rather, that fails to give effect to one part of the statute and ignores the BOP's obligations under § 3584(c). An interpretation of § 3632(d)(4)(D) that leaves Giovinco ineligible because of his aggregated term of imprisonment

19

does not bring the two statutes into conflict; it harmonizes them.

*Fifth*, Giovinco appears to challenge the applicability of § 3584(c) to this case, noting that "the statute only requires aggregation 'for administrative purposes.'" Giovinco Br. at 23 (quoting 18 U.S.C. § 3584(c)), 26–27. That is true as far as it goes, but Giovinco misunderstands the nature of the BOP's conclusion on his eligibility and how that conclusion intersects with § 3584(c). Put simply, BOP is required to aggregate Giovinco's two sentences for purposes of calculating his sentence, including applying time credits as appropriate, which are the "administrative purposes" relevant to § 3584(c). Giovinco does not explain how those activities are not "administrative," much less grapple with the established understanding of the BOP's broad authority under § 3584(c).

Giovinco argues instead that where courts have construed "administrative purposes" to include sentence calculation, they have done so in the context of other programs in which Congress granted "to the BOP the authority to determine eligibility." Giovinco Br. at 26. It is not clear why Giovinco believes that distinction changes the analysis, and he points to no court that has identified it as a relevant factor in its conclusion. That omission is particularly telling where this Court, *in the context of the FSA*, has identified that "administrative purposes" are those pursuant to

20

which the BOP administers a sentence, including the application of sentence credits. *See Martin*, 974 F.3d 136.

As a result of the mandate in § 3584(c), Giovinco is serving an aggregated sentence for both of his crimes of conviction. Congress determined that a conviction under one of those offenses disqualifies Giovinco from earning time credits under the FSA, and Congress passed the disqualification statute with full knowledge of the longstanding aggregation provision. *See Martin*, 974 F.3d at 139. That other statutes may have given BOP the authority to regulate inmate eligibility for other programs, Giovinco Br. at 27–28, or that an inmate may otherwise have been eligible absent mandatory aggregation pursuant to § 3584(c), Giovinco Br. at 28, does not compel a different conclusion.

*Finally*, contrary to Giovinco's suggestion, the BOP's aggregation of his sentences for administrative purposes does not alter his sentence or violate the Constitution. The BOP's aggregation of his sentences for administrative purposes—for calculating sentence credits and sentence length—does not convert it into concurrent identical sentences. *Cf.* Giovinco Br. at 28–29. As this Court held in *Martin*, for other purposes, such as resentencing by a court under 18 U.S.C. § 3582, courts often hold that sentence modifications must be limited to resentencing on the specific conviction at issue, not for all sentences imposed.

21

974 F.3d at 133–39. Similarly, the BOP's aggregation does not extend Giovinco's sentence beyond the statutory maximum in violation of the Constitution. *Cf.* Giovinco Br. at 29. Giovinco was sentenced to serve 120 months' imprisonment on count two of the indictment. *See* JA15. The fact that he is serving more than 120 months is because he was *also* sentenced to 235 months' imprisonment on a separate count. That valid sentence—not the BOP's aggregation statute—explains his continued imprisonment. In any event, he has no "constitutional or inherent right . . . to be conditionally released before the expiration of [his] valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

**II. Alternatively, if this Court concludes that 18 U.S.C. § 3632(d)(4)(D) is ambiguous in light of 18 U.S.C. § 3584(c), this Court should defer to the BOP's interpretation of the statutory scheme because it is persuasive.**

### A. Governing law and standard of review

Because the BOP is charged with implementing the FSA, "whether and to what extent we should defer to the BOP's interpretation turns first on whether the statute is ambiguous." *Lopez v. Terrell*, 654 F.3d 176, 181 (2d Cir. 2011). "If the provisions of the statute are unclear or ambiguous . . . we must decide whether to defer to [the

22

agency's] reading of them . . . . If we decide that we are to defer, we must then decide the appropriate level of deference." *Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49, 55 (2d Cir. 2004); *see also id.* (comparing *Chevron*, which calls "for mandatory deference, in certain situations, to 'permissible' agency interpretations" with *Skidmore*, which requires "deference, in other situations, to the extent of the interpretations' persuasiveness").

Where the agency interpretation is set forth only in something other than "agency lawmaking" (as in, for example, the administrative remedy process), this Court affords *Skidmore* deference, which focuses on the persuasiveness of the agency's interpretation. *Lopez*, 654 F.3d at 182–83. "An agency's position that does not qualify for *Chevron* treatment nonetheless deserves some deference to the extent that it has the 'power to persuade' based on, *inter alia*, the 'thoroughness evident in [the agency's] consideration, the validity of its reasoning, [and] its consistency with earlier and later pronouncements.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 219 (2d Cir. 2014) (quoting *Skidmore*, 323 U.S. at 140).

This Court reviews *de novo* issues pertaining to statutory construction. *See Weiner*, 87 F.4th at 161.

23

**B. Discussion**

As set forth above, both parties contend that the plain language of the statutory scheme supports their respective interpretations. Despite (or perhaps because of) those contentions, should this Court conclude that the statutory scheme is ambiguous as to whether Giovinco's aggregated sentence for possession of child pornography makes him ineligible to earn FSA time credits, the BOP's interpretation of the statutory scheme is entitled to "some deference," because it is persuasive. *Nielsen*, 762 F.3d at 219; *see also* Giovinco Br. at 29–30 (arguing for application of *Skidmore* deference in this case).

The first two factors relevant to this Court's assessment of the persuasiveness of the BOP's interpretation—the thoroughness and validity of the agency's reasoning—both weigh in favor of deferring to the agency's interpretation. The BOP's responses to Giovinco's administrative claims were not exhaustive, but they reflected a straightforward analysis: first, that Giovinco was sentenced to a term of imprisonment following his conviction for possession of child pornography, a disqualifying offense under § 3632(d)(4)(D), JA24; and second, that the disqualification "applies to your current commitment in its entirety, not the individual terms of imprisonment," JA28. The fact that the BOP did not specifically cite § 3584(c) is beside the point. *Cf.* Giovinco Br. at

24

31. The BOP *applied* and referenced the aggregation statute, in plain English, when it distinguished between Giovinco's "current commitment in its entirety" and his "individual term of imprisonment." JA28. The BOP's succinct reasoning reflects the proper and valid interpretation of the statutory scheme as set out above.

Finally, as to the consistency of the BOP's pronouncements, that factor also weighs in favor of deference. There is no indication in the record or anywhere else that the BOP has *ever* taken a position other than the one taken here, namely, that when one part of an aggregated sentence disqualifies the inmate under § 3632(d)(4)(D), the inmate is serving the disqualifying sentence during service of the aggregated sentence. In fact, the opposite is true: the BOP has interpreted the eligibility provision exactly the same way from the passage of the FSA. That the BOP's website does not spell out the application of the aggregation statute in detail is irrelevant. *Cf.* Giovinco Br. at 32. The significant point is that, from the beginning, the BOP has always applied the aggregation statute as it did in this case. That consistent interpretation is evident from the many similar habeas petitions that have been filed—then defended by the BOP and ultimately denied by courts—across the country.[2]

---

[2] *See, e.g.*, *Martinez*, 2024 WL 140438, at \*2–4; *Keeling*, 2023 WL 9061914, at \*1; *Sok*, 2023 WL

25

5282709, at *1; *Teed*, 2023 WL 4556726, at *1–2; *McNeill*, 2023 WL 6442551, at *1; *Banks v. King*, No. 5:22-HC-02164-M-RJ, 2023 WL 8242450, at *3–4 (E.D.N.C. Nov. 28, 2023); *Whaley v. Pliler*, No. 22Civ4680 (JHR) (GWG), 2023 WL 7243714, at *4–5 (S.D.N.Y. Nov. 3, 2023); *Mancillas v. Fed. Bureau of Prisons*, No. SAG-22-2767, 2023 WL 5404229, at *4–6 (D. Md. Aug. 22, 2023); *Wallace v. Knight*, No. 22-6705 (KMW), 2023 WL 4954727 (D.N.J. Aug. 3, 2023); *Williams v. FCI Berlin*, No. 22-cv-564-JL, 2023 WL 5961688, at *3–4 (D.N.H. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5959740 (D.N.H. Sept. 13, 2023); *Cortez v. Hemingway*, No. 2:22-cv-12234, 2023 WL 4274957, at *2 (E.D. Mich. June 29, 2023); *Patillar v. Goldey*, No. CIV-22-866-SLP, 2023 WL 4307651, at *2–3 (W.D. Okla. May 26, 2023), *report and recommendation adopted*, 2023 WL 4306702 (W.D. Okla. June 30, 2023); *Rose v. Yates*, No. 2:22-cv-214-BSM/PSH, 2023 WL 3198298 (E.D. Ark. May 2, 2023), *report and recommendation adopted*, 2023 WL 3601186 (E.D. Ark. May 23, 2023); *Ledford v. Lemaster*, No. 23-30-DLB, 2023 WL 2905376, at *3 (E.D. Ky. Mar. 28, 2023); *Foos v. Eischen*, No. 22-cv-398 (JWB/DJF), 2023 WL 2795860, at *3–5 (D. Minn. Mar. 14, 2023), *report and recommendation adopted*, 2023 WL 2795480 (D. Minn. Apr. 5, 2023); *Dahda v. Hudson*, No. 23-3008-JWL, 2023 WL 2815920, at *1–2 (D. Kan. Mar. 7, 2023).

26

This Court gives "'substantial weight' to an agency's construction of a statute that it is charged with enforcing, 'particularly when the construction is contemporaneous with the enactment of the statute.'" *Sai Kwan Wong v. Doar*, 571 F.3d 247, 262 (2d Cir. 2009) (quoting *Lowe v. S.E.C.*, 472 U.S. 181, 216 (1985)). And given the universal applicability of the BOP's interpretation, it is not a mere *ad hoc* interpretation, but rather one that should be "at the high end of the spectrum of deference[.]" *Est. of Landers v. Leavitt*, 545 F.3d 98, 110 (2d Cir. 2008) (internal quotations omitted) (noting that universally applicable interpretations are afforded more deference than *ad hoc* interpretations).

In sum, the BOP's interpretation in this case should be afforded deference because it is longstanding, consistent, and thorough.

## Conclusion

For the foregoing reasons, the judgment of the district court should be affirmed.

Dated: March 14, 2024

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY
DISTRICT OF CONNECTICUT

JOHN W. LARSON
ASSISTANT U.S. ATTORNEY

Sandra S. Glover
Assistant United States Attorney (of counsel)

28

**Addendum**

18 U.S.C. § 3632(d)(4)

(D) Ineligible prisoners.--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:

\*\*\*

(xlii) Section 2252A, relating to certain activities involving material constituting or containing child pornography.

\*\*\*

18 U.S.C. § 3584 – Multiple Sentences of Imprisonment

(c) Treatment of multiple sentence as an aggregate. – Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

Add. 1