LAW OFFICE OF JOHN R. QUINN

1384 Gardiner Drive

Bay Shore, New York, 11706

jrquinn@cs.com

646-263-7250

Admitted to Practice in
New York, Massachusetts
Second & Fifth Circuit Courts of Appeals
Eastern & Southern Districts of New York

July 1, 2024

Office of the Clerk
United States Court of Appeals
  for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Attention: Catherine O'Hagan Wolfe
            Clerk of the Court

Re:  <u>Giovinco v. Pullen, No. 23-251</u>

Pursuant to FRAP 28(j), Appellant addresses the new Supreme Court decision, <u>Loper Bright Enter. v. Raimondo</u>, __ U.S.__, 2024 WL 3208360 (Jun. 28, 2024), which overrules <u>Chevron</u>.

(1) It is now clear that the BOP has no seat at the §3632(d)(4)(D) interpretation table.

(2) The majority opinion silences the alarm of the Chevronism that "Judges are not experts in the field" by explaining: "That depends on what the 'field' is and if the field is legal interpretation, that has been emphatically the province and duty of the judicial department for at least 221 years." <u>Loper Bright</u>, 2024 WL 3208360, at *21 (cleaned up). The BOP's expertise is in prison and prisoner management, not statutory interpretation.

(3) <u>Loper Bright</u> governs the other statutory question at oral argument: therefore, *this Court, not the BOP*, must interpret the phrase "for administrative purposes" in 18 U.S.C. § 3584(c). <u>See</u> <u>e.g.</u>, <u>United States v. Martin</u>, 974 F.3d 124, 136 (2d Cir. 2020) (recognizing the phrase's limited reach). The BOP's reflexive, no-limits view of the aggregation statute is especially dangerous because it fuels the agency's ultra vires effort to rewrite §3632(d)(4)(D). <u>See</u> <u>id.</u>, 2024 WL 3208360, at *16 ("The very point of the traditional tools of statutory construction—the tools courts use every day—is to resolve statutory ambiguities. *That is no less true when the ambiguity is about the scope of an agency's own power—perhaps the occasion on which abdication in favor of the agency is least appropriate*").

(4) De-sensationalizing the formerly <u>Chevron</u>-triggering nature of statutory ambiguities and gaps, <u>id.</u>, 2024 WL 3208360, at *15, <u>Loper Bright</u> instructs that "no matter how

impenetrable," id., statutes "must have a single best meaning" and that, "if it is not the best, it is not permissible." Id. For all reasons previously advanced, the BOP's view that "is serving a sentence for" can also mean "has (ever) been convicted of" cannot not possibly be the required "best" interpretation of 18 U.S.C.§ 3632(d)(4)(D). For these same reasons, if Skidmore v. Swift & Co., 323 U.S. 134 (1944), survives Loper Bright, the BOP's interpretation lacks any power to persuade.

Sincerely,

John R. Quinn

cc: AUSA John Larson (by ecf)